Michael E. Walter, Esq. Assistant Town Attorney, Brookhaven
You have asked whether a town may appoint constables to enforce both civil and criminal penalties under the State's dog control laws.
Peace officers, acting pursuant to their special duties, may enforce article 7 of the Agriculture and Markets Law dealing with the licensing, identification and control of dogs (Agriculture and Markets Law, §114[4]). Included in the comprehensive list of peace officers are constables of a town (Criminal Procedure Law, § 2.10[1]). Peace officers have extensive law enforcement powers including powers to enforce the criminal laws of the State (id., § 2.20).
You are concerned, however, that constables may not have the authority to enforce criminal violations of the dog control laws in light of the provisions of section 20(1)(a) of the Town Law. That provision authorizes a town of the first class, which has a town police department or is part of a county police district, to appoint "not more than four civil officers who shall possess all the powers and duties of constables in civil actions and proceedings only".* While it is clear that the range of powers of peace officers under section 2.20 of the Criminal Procedure Law would provide authority to enforce both civil and criminal violations of the dog control laws, you question whether constables are restricted by section 20(1)(a) of the Town Law.
In our view, your town by local law may authorize its constables to utilize the full range of peace officer powers available to them under the provisions of the Criminal Procedure Law necessary to enforce the State's dog control laws. Local governments are authorized to adopt local laws, which must be consistent with the Constitution and general State laws, relating to the powers, duties, qualifications, number, mode of selection and removal, terms of office, compensation, hours of work, protection, welfare and safety of its officers and employees and in relation to the government, protection, order, conduct, safety, health and well-being of persons or property therein (Municipal Home Rule Law, § 10[1][ii][a][1] and [12]). A town may use its home rule powers to amend or supersede provisions of the Town Law, notwithstanding that the provision is a general law (id., § 10[1][ii][d][3]). This provision gives a town the flexibility to craft a form of government designed to meet local needs. Thus, a town may enact a local law amending or superseding section 20(1)(a) of the Town Law and granting to its constables powers authorized by section 2.20 of the Criminal Procedure Law and necessary to enforce both civil and criminal provisions of the State dog control laws. Such a local law would not infringe upon the State's prerogative to establish the powers of peace officers in that the powers granted would be limited to those set forth by section2.20 of the Criminal Procedure Law.
We conclude that a town may grant to its constables the authority to enforce both civil and criminal penalties under the State's dog control laws.
* You have indicated that the town is a suburban town and is a town of the first class served by a county police district (see Town Law, § 50-a[2]).